UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEREK HORN,
    Plaintiff,

vs.                                                                                                      07-1166

CITY OF PEORIA, et al,
    Defendants.

ORDER

This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. §1983 against three defendants including the City of Peoria, the Peoria Police Department and Officer David Buss. The plaintiff also names Ashja Horn and Airris Horn as plaintiffs.  These individuals have not signed the complaint, and the court assumes they are the plaintiff's minor children.

The plaintiff says on March 5, 2007, his wife, Danetta Horn, was killed in a car accident as a result of a high speed chase.  The plaintiff says Officer Buss "is directly the cause of this incident due to the fact that he was the pursuing officer." (Comp., p. 2).

The plaintiff chose to file his complaint in federal court.  The accident, while tragic, does not state any violation of the plaintiff's constitutional rights nor any other federal violation.  In addition, the plaintiff has failed to state a claim under §1983 against the City of Peoria or the Peoria Police Department. *See Monell v. Department of Social Services*, 436 U.S.658, 694 (1978). Therefore, the court must dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

    1)    **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs.**

2)     **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

3)     **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)     **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)     **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)     **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 22nd day of October, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE